control of the motorman as to speed, a traveler at the crossing has the right to assume that the ordinance would be obeyed.

3. STREET RAILROADS, § 135*—*when question whether pedestrian crossing track is guilty of contributory negligence is for jury.* In an action for personal injuries sustained while the plaintiff was about to cross a street car track in the business district of a town where the tracks of a steam railroad company were located about one hundred feet away, and where just before the plaintiff was struck by the car in question, which was going at the rate of twelve to fifteen miles an hour, his attention was suddenly directed to a bell ringing on the gate tower of the railroad, and he for an instant looked in that direction and did not see the street car, and where there was an ordinance requiring the street car to be under complete control of the motorman as it approached street crossings, *held* that the question as to whether the plaintiff was guilty of contributory negligence was one for the jury, and that the judgment for plaintiff should be affirmed.

---

### Eleanor Ceser, Defendant in Error, v. Herman Morehouse, Plaintiff in Error.

#### Gen. No. 6,339.    (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 9, 1917.

#### Statement of the Case.

Action in trespass by Eleanor Ceser, plaintiff, against Herman Morehouse, defendant, to recover damages for assault and battery and for an assault with intent to ravish plaintiff, alleged to have been committed by defendant upon plaintiff. From a judgment for plaintiff for $2,800, defendant brings error.

JOHN W. DUBBS, for plaintiff in error.

BROWNE & WILEY and JAMES N. CUMMINGS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

Assault and battery, § 23*—*when verdict not disturbed on appeal.* In an action to recover damages for assault and battery, where the plaintiff, a woman aged nineteen years, charged that the defendant had assaulted her at various times, under promise of marriage, and the plaintiff and defendant were the sole witnesses as to what actually occurred, and the jury found for the plaintiff, *held* that the verdict could not be considered so manifestly against the weight of the evidence as to justify a reversal on that ground.

---

## Gipps Brewing Company, Appellant, v. City of Peoria, Appellee.

### Gen. No. 6,386. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. Clyde E. Stone, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 9, 1917.

## Statement of the Case.

Action by the Gipps Brewing Company, plaintiff, against the City of Peoria, defendant, to recover damages for cutting down the grade of two intersecting streets on which plaintiff's property abutted. From a judgment for defendant, plaintiff appeals.

George J. Jochem, for appellant.

R. H. Radley, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.